## SIMON WOLF *et al.*

*v*

## JARED W. MILLS.

PARTNERSHIP—*fraud by one partner.*  A fraud committed by one partner, in the course of the partnership business, binds the firm, even though the other partner have no knowledge of, or participation in, the fraud, and an action will lie against the firm in respect thereto.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. ASAY & LAWRENCE, for the appellants.

Mr. M. W. ROBINSON, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The appellee brought an action on the case, alleging that appellants sold him a lot of sheep pelts, having on them a large quantity of wool; and, with intent to defraud him, delivered other and inferior pelts in quality, and deficient in the quantity of wool.   Appellee recovered a verdict.

Wolf and Haber jointly owned the pelts at the time of the sale.   The proof is satisfactory that the pelts sold averaged about five pounds of wool per pelt; and the pelts delivered, only three pounds.

As to the alleged fraud, the evidence is conflicting. One witness testified positively, that he saw young Haber, a son of appellant, change the pelts, and that he placed light in place of the heavy pelts, soon after the sale.   This was contradicted by the son; but the weight of evidence has been determined by a

jury, and we shall not disturb the finding, unless some principle of law has been violated.

Appellants urge that, as there is no evidence to prove the change, if made, was by the direction of Wolf, or by any person in his employment or under his control, therefore he is not liable. The evidence does show that Wolf & Haber were partners in the buying and selling of the sheep pelts, and that young Haber was handling them and throwing them from one pile to the other. The jury were justified in the inference, that this was in the scope of the partnership business, as it was connected with the joint property. It is improbable that the son would be thus engaged, unless directed. The father must have given him some instructions, in regard to the exchange.

There was, then, no error in the following instruction given for appellee: " If the jury believe, from the evidence, that the defendants sold the plaintiff a certain lot of sheep pelts at an agreed price, and that plaintiff has paid such price, and that the defendants afterward, either in person, by their agents, servants or employees, delivered to plaintiff a lot of sheep pelts in any respect different from and inferior to those actually sold, intending thereby to have the plaintiff believe they were the same he had purchased, and intending to deceive and defraud the plaintiff, then the jury are instructed to find defendants guilty, and to assess as damages whatever loss the evidence may show the plaintiff sustained through such fraud and deceit."

A tortious act of one partner will often create a liability against the firm. So a fraud, committed by one partner, in the course of the partnership business, binds the firm, even though the other partners have no knowledge of, or participation in, the fraud.

The jury might reasonably infer all that was necessary to fix the liability of the firm.

The judgment must be affirmed.

*Judgment affirmed.*