# LARISSA P. GRUND *et al.*

### v.

# ELIZABETH VAN VLECK.

1. TRESPASS—*liability of principal for agent's act.* In trespass, by a tenant against the landlord, his agents and an officer, to recover damages for an alleged illegal distraint of the tenant's goods for rent, the expulsion of the tenant and the removal of his goods from the demised premises, the last forming the principal grievance, a general recovery was had against all. It appeared that the landlord was absent at the East at the time of the alleged trespasses, and did not direct the acts complained of, and did not know of their commission: *Held,* that the landlord could only be held responsible on the ground of a subsequent ratification, and without proof of his sanctioning the expulsion and removal of the goods, the judgment against him was erroneous.

2. SAME—*liability of partner of trespasser.* One partner can not involve another in a trespass, unless in the ordinary course of their business, and in a case where the trespass is in the nature of a taking which is available to the partnership; and in such case, to render the partner liable who did not join in the commission of the trespass, he must afterwards have concurred in and received the benefit of it.

3. PARTNER—*when liable for his co-partner's trespass by subsequent approval.* Where one partner of a firm acting as agents for the owner of demised property, committed a trespass in expelling the tenant and removing his goods from the premises, it was *held,* that the other partner, who took no part in the act and knew nothing of it at the time, and neither advised nor directed it, could not be rendered liable on the mere ground of his subsequent approval and sanctioning of the act after its commission.

4. TRESPASS—*when liable by adopting or approving act.* The subsequent approval of a trespass by a third person will not render him liable unless the act was originally done in his name or for his use.

5. SAME—*vindictive damages.* Where a person, innocent of the commission of a wrongful act, becomes liable only in consequence of his subsequent approval or sanction of it, he will be liable only for the real injury sustained, and will not be subject to vindictive damages.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of trespass, brought by Elizabeth Van Vleck against Larissa P. Grund, R. P. Blanchard, J. J. Blanchard and Thomas Leddy. The opinion of the court states the facts necessary to an understanding of the case.

Messrs. JOHNSTON & ROGERS, Mr. H. BARBER, Jr., and Mr. ROBERT T. LINCOLN, for the appellants.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, to recover damages for two several alleged trespasses, one consisting in the service of an alleged illegal distress warrant, and the other laid as committed at a subsequent time, and being for the alleged expulsion of the plaintiff from her dwelling, and the removal of her goods therefrom. Larissa P. Grund, who resided in New York, was the owner of the dwelling house, and had rented it, by her agents, R. P. Blanchard and J. J. Blanchard, to the plaintiff below, Elizabeth Van Vleck. The latter, as claimed, made default in payment of her rent, and J. J. Blanchard, in his capacity as agent, caused Thomas Leddy, a practicing attorney in Chicago, to take the distress and other proceedings complained of. The suit was brought against Mrs. Grund, the two Blanchards and Leddy, jointly.

The jury found a verdict for the plaintiff, against all the defendants, for $5058. The plaintiff remitted of this $2058, and the court entered judgment against all the defendants for $3000. The defendants bring the case here by appeal.

We shall only consider the correctness of the judgment as regards Mrs. Grund and R. P. Blanchard. The principal grievance and ground for damages in the case, evidently, were, the alleged expulsion of the plaintiff and removal of her goods from her dwelling.

We find no evidence in the record to connect Mrs. Grund or R. P. Blanchard with these acts, so as to justify a verdict

therefor against them.   They were both absent at the East,
at the times of the alleged trespasses, and neither of them
directed the acts complained of, or was knowing of them
when committed.   They could only be held responsible on
the ground of subsequent ratification.

There is some evidence that Mrs. Grund afterwards sanc-
tioned the distress warrant proceeding, but we find no such
evidence as respects the alleged eviction and removal of the
goods of appellee.

And it is the same as regards R. P. Blanchard, except that
he does not appear to have approved the proceeding under
the distress warrant.   It is true, that J. J. Blanchard, in one
part of his testimony, in reply to the question whether R. P.
Blanchard, after his return from the East, sanctioned the
proceeding, answers in the affirmative; but this must have
been under some misconception, as he subsequently states
that he did not think that R. P. Blanchard had ever had any-
thing to say about it any more than that he knew of the
matter.   R. P. Blanchard himself explicitly denies that he
sanctioned the proceeding.   On the mere ground of being a
partner, he is not to be charged.

One partner has no right to involve another, unless in the
ordinary course of their business; nor, for instance, in a tres-
pass, except in the case where the trespass is in the nature of
a taking which is available to the partnership, and in such
case, to render one partner liable, who did not join in the
commission of the trespass, he must afterwards have con-
curred in and received the benefit of it.   *Petrie* v. *Lamont,* 1
Car. and Marsh, 57.

The vacation of the house, and the taking and carrying
away the goods, in this case, were not for the use and benefit
of the partnership of J. J. & R. P. Blanchard, but were for
the supposed benefit of the owner of the house, Mrs. Grund;
and we do not consider that R. P. Blanchard is to be rendered
liable for these alleged trespasses, on the mere ground of his
subsequent approval and sanctioning of them after they had

been committed, and we see no other ground upon which he can be charged, under the evidence.

The jury were instructed that they might give exemplary damages. This we regard as erroneous as respects Mrs. Grund and R. P. Blanchard. We do not conceive that, in any event, they should be visited with such damages.

There is no pretense that they were concerned in the commission of the alleged wrongful acts. The only claim for their liability is, that they approved and sanctioned the acts after they had been done. The approval of a wrongful act already committed is no subject of punishment. Subsequent approval of a trespass will not affect a third person, unless the act were originally done in his name or for his use. *Wilson et al.* v. *Turnman,* 6 Mann. and Grang. 236. And in that case, the liability, as we conceive, is only for the real injury sustained, and not to the extent of vindictive damages. Where one is innocent of the commission of a wrongful act, and is to be charged only for his subsequent approval or sanction of it, we know of no rule which would justify the infliction of vindictive damages resting in mere discretion and intended to punish offenders. See *The Amiable Nancy,* 3 Wheat. 546.

Regarding the judgment as erroneous, at least as respects Mrs. Grund and R. P. Blanchard, and without considering it in relation to the other defendants, it will be reversed.

*Judgment reversed.*