## GEORGE GRUSING ET AL.

### v.

## SARAH SHANNON.

TRESPASS—FAILURE TO PROVE A JOINT TRESPASS.—Where the evidence fails to show that all of the defendants were implicated in either of the alleged trespasses, a verdict against all jointly cannot be sustained.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Messrs. ROGERS & APPLETON, for appellants; that it is necessary for a landlord to give notice to quit, only to his immediate tenant, cited Roe v. Wiggs, 5 Bos. & Pul. 330; Cosser v. Collinge, 3 Myl. & K. 283; Shouldham v. Lawlor, Irish Cir. Rep. 302; Pleasant v. Benson, 14 East. 234; Miller v. White, 80 Ill. 580; Patchell v. Johnston, 64 Ill. 305.

Where it is sought to establish a joint liability, it must be shown that the defendants acted in concert: Brooks v. Ashburn, 9 Geo. 297; Guille v. Swan, 19 Johns. 381; Langdon v. Bruce, 1 Williams (Vt.) 657; McIntyre v. Green, 36 Geo. 48; Bird v. Lynn, 10 B. Mon. 422; Bard v. John, 26 Penn. 482; Miller v. Shaw, 4 Allen, 500; Jansen v. Varnum, 11

Chicago Legal News, 59; Schuylkill Co. v. Richards, 57 Penn. 142.

A recovery against all the defendants can be had only for those acts in which all participated: Myrick v. Downer, 18 Vt. 360; Olzen v. Schierenberg, 3 Daly, 100; Wilson v. Barker, 4 Barn. & Adol. 614; Langdon v. Bruce, 1 Hill, 657; Moody v. Whitney, 34 Me. 563; Clay v. Sandifer, 12 B. Mon. 334; Folger v. Fields, 12 Cush. 93; Taft v. Metcalf, 11 Pick. 456.

As to evidence of malice: Pierce v. Millay, 44 Ill. 189; Beveridge v. Rawson, 51 Ill. 504.

Subsequent approval of a trespass by a third person will not render him liable unless the act was originally done in his name or for his use: Grund v. Van Vleck, 69 Ill. 478.

The court should have pronounced judgment on the verdict, or awarded a new trial; it could not be amended without consent of the jury or counsel for the defendants: Cunningham v. Dyer, 2 T. B. Mon. 50; Cole et al. v. The People, 84 Ill. 216; Frazier v. Laughlin, 1 Gilm. 347; Hinckley v. West, 4 Gilm. 136; Wilderman v. Sandusky, 15 Ill. 59; Bodine v. Swisher, 66 Ill. 536; Hine v. Robbins, 8 Conn. 342.

Mr. CHESTER KINNEY, for appellee; that the court will not interfere to set aside a verdict unless it is manifestly against the law or evidence, cited Eldredge et al. v. Huntington, 2 Scam. 535; Johnson v. Moulton, 1 Scam. 532; Smith v. Schultz, 1 Scam. 491; Bruce v. Truett, 4 Scam. 454; Dawson v. Robbins, 5 Gilm. 72; Wheeler v. Shields, 2 Scam. 348; Duffield v. Cross, 13 Ill. 699; Chase v. Debolt, 2 Gilm. 371; Boyce v. Levings, 24 Ill. 223; Clement v. Bushway, 25 Ill. 200; Unlauf v. Bassett, 38 Ill. 96; Simons v. Waldron, 70 Ill. 281; Connoly v. The People, 81 Ill. 379; Kightlinger v. Egan, 75 Ill. 141; Chapman v. Burt, 77 Ill. 337; Papineau v. Belgarde, 81 Ill. 61; Corwith v. Colter, 82 Ill. 585.

PLEASANTS, J.    This was an action of trespass *quare clausum* against appellants and S. E. Rockwell, a constable.

The declaration contained four counts, alike in the allegation of the breach and entry, but differing in additional averments.

Grusing et al. v. Shannon.

In the first, that defendants removed the roof and tore down other parts of the building, thereby injuring and destroying plaintiff's stock of groceries therein; in the second, that they tore off the roof so that the rain beat in and damaged the goods; in the third, that they expelled plaintiff from the premises; and in the fourth, that they took and removed the goods and threw them into the street.

Pleas of the general issue and of license were put in on behalf of all the defendants, and an additional one of justification under a writ of restitution, by Rockwell. The jury returned a verdict of guilty against all, and assessed the plaintiff's damages at nine hundred dollars.

After a motion for a new trial had been overruled plaintiff dismissed the suit as to Rockwell, and judgment was thereupon entered against the others, who appealed.

The following is an outline of the facts: Defendant Hooker, then the owner of the premises—a rickety old frame building, bricked up four inches outside—leased the same for a year from the first of May, 1875, to one Watson, who, contrary to the terms of his lease, sub-let the upper portion without the consent of his landlord, to Milligar, and after being notified on the 14th of July of the termination of his tenancy for non-payment of his rent, also sub-let the lower part to the plaintiff. On the 23d Hooker filed his complaint against Watson and Milligar for forcible detainer, apparently without knowledge of the occupancy of plaintiff, and in due course obtained judgment. Pending these proceedings, on the 12th of August he sold the building to the defendant, Mrs. Grusing, and a few days thereafter her husband, as her agent, proceeded with workmen to take down the old outer wall and erect a new one twelve inches wide in its stead. This occupied from two to three weeks, and was immediately followed by the removal of the old roof. Unfortunately for the parties, and unexpectedly—for the weather had till then been favorable—just at that time, which was on the 8th or 9th of September, came the rain-storm that damaged plaintiff's goods. Operations were necessarily suspended during its continuance, but the new roof was put on as soon after as was practicable.

This work of Grusing upon the old walls and roof is evidently the subject of complaint in the first and second counts of the declaration; and it is therefore matter of surprise that neither of the counsel adverted, in argument or brief, to the evidence in the record that it was done with plaintiff's consent —given, probably, in the expectation, which she says she had, of remaining there as tenant of his wife, but not induced by any fraud or deception on their part. We think it clear that she did consent and take the risk of the weather.

If, however, it was otherwise, it does not appear that Hooker was in any way responsible for these acts. Having sold the building, he certainly had no interest in the repairs as such. But it is said—and it is the only ground on which he is sought to be charged in this behalf—that when informed by Grusing of what he was doing and intending in the way of repairs, he told him, in view of its probable effect to drive out the occupants, and thus relieve himself of an assumed obligation to clear the building for his vendee, to "go ahead."

If such a remark, under the circumstances, would charge him, there is no evidence tending to show that he made it. All that relates to it came out on the cross-examination of Grusing. Having stated positively, in chief, that Hooker "had no connection of any kind with the repairs," and on cross-examination, in answer to leading questions, that he had requested Hooker to clear the building and give his wife possession—that he often saw him during the progress of the repairs—that he informed him of what he was doing—and that Hooker might then have told him to "go ahead," although he denied all recollection of it—he was asked if on a former trial he had not sworn that Hooker so told him, and answered that he did not recollect but might have done it; and finally, "if you did is it true?"—a question we often hear put, but deem worse than useless, because, while incapable of bringing out legal proof of any fact it is liable to be regarded as offensive—to which he answered, "Yes, I give in on that."

This cross-examination elicited nothing against Hooker. It was not followed by any evidence that Grusing ever swore to his making the remark. Such evidence, if introduced, would

have had no tendency to prove that he did make it.  Its only legitimate object would have been to impeach Grusing, and that accomplished, the case would have been left without any credible evidence in relation to the fact in question.

The acts complained of in the second and third counts—the putting out of the plaintiff and her goods—seem to have been wholly independent of those above considered.  They were committed more than a fortnight afterwards, on the 24th day of September, by Rockwell and his assistants, under color of a writ of restitution in favor of Hooker, and in consummation of proceedings instituted by him before Mrs. Grusing had acquired or contemplated acquiring any interest in the premises.  With the issuance and execution of the writ, so far as we can discover, the Grusings had no more to do than had Hooker with the repairing.  They had asked him to clear the building, as they lawfully might, but made no suggestion as to the means he should employ, and had no reason to suppose he would employ any but such as would be lawful.  He had already commenced proceedings to that end, and obtained judgment in his own name and for his own use: and although it was after he sold that he regained the possession, yet this also was for his own use, and he delivered it over as vendor and not as agent. Their acceptance of it, therefore, was not such an approval of the means by which he obtained it as to make them liable therefor.  Grund v. Van Vleck, 69 Ill. 478.

Where the evidence so fails to show that all of the defendants were implicated in either of the alleged trespasses a verdict against all jointly cannot be sustained.   Ibid.

The judgment therefore of the court below is reversed, and the cause remanded.

Reversed and remanded.