## ANDREW F. WANNER ET AL.
## V.
## MICHAEL J. WINTERS.

*Replevin—Malice—Trover—Partnership—Damages—Actual and Vindictive—Estoppel—Remittitur.*

1.   The acts or words of one of several partners touching property of his firm, is as to third persons in good faith acting thereon, the same as if done or said by all.

2.   Where wilful acts or words of one partner, of which the rest of the firm are ignorant, result in injury to another, there can be no verdict for separate or different amounts against the individual members of the firm.

3.   A firm maintaining replevin for the recovery of property purchased from their lessee through the false representations of one of its members that the said lessee was its owner, the rest of the firm being in ignorance thereof, is liable for the actual damages arising therefrom.

[Opinion filed May 29, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. CRATTY BROS. & ASHCRAFT, for appellants.

Messrs. CAMERON & HUGHES, for appellee.

GARY, J.   This was an action for maliciously, and without any probable cause, taking chattels of the appellee of the value, as the jury have found, of $350, by a replevin writ, issued by a justice, with counts in trover joined.

The property had been the appellants', and they had leased

it to one Woodruff. The appellee claimed that he applied to Wanner for information in regard to Woodruff; told him that he was negotiating for a partnership with Woodruff, and to buy a half interest, and that Warner told him the property belonged to Woodruff. There is nothing in the record tending to show that the other appellant, Webber, ever had, before the property was taken on the replevin writ, any information that any such conversation was had between appellee and Wanner.

In answer to questions put to them under the statute, the jury have found that such conversation did occur; that the appellee relied upon Wanner's representation and bought from Woodruff first the one half and then the other of the property in dispute, and that when the appellants took it, it was worth $350. They found a verdict for $850. The taking was March 11, 1885, and the verdict September 29, 1888.

The value of the property and the interest thereon amounted, at the time of the verdict, to $424, so that there is an excess as to Webber, against whom there was no foundation for vindictive damages, of $426, and as to him the verdict is wrong. Grund v. Van Vleck, 69 Ill. 478; Becker v. Dupree, 75 Ill. 167. And there could not be a verdict against the appellants for separate or different amounts. Pardridge v. Brady, 7 Ill. App. 639. But for the actual damages the appellants, being partners, are both liable for the taking of the property of the appellee, in which taking they both joined, although his title, as against them, was by estoppel, by reason of the representations of Wanner. What either partner does or says as to partnership property is, as to third persons in good faith acting upon it, the same as if done or said by both. Story on Part., Sec. 108; Wolf v. Mills, 56 Ill. 360. The specific findings by the jury save this court the labor of reviewing twenty-five instructions on the part of the appellee, and thirty-two on the part of the appellants, many of them lengthy, and a couple dozen special questions.

As the appellee remits $426, the judgment will be reversed as to that amount, and affirmed, at his costs, for the residue only, $424.

*Reversed in part and affirmed in part.*