## James A. Douglas et al. v. Valentine Hoffman.

1. PUNITIVE DAMAGES—*Trespassers by Ratification.*—Where several are held jointly liable for a trespass, some by reason of participation and others by reason of ratification only, no punitive damages can be awarded as against such as are liable only because of their ratification after the act.

2. EVIDENCE—*Of Subsequent Trespasses.*—Evidence tending to show a subsequent trespass is inadmissible where it does not appear that all of the defendants were parties to the second or subsequent trespass.

3. APPEARANCE—*When Wrongfully Entered.*—Where the appearance of a defendant, not served with process, has been entered and a plea filed for him without his authority or knowledge, such defendant, upon motion supported by proofs, should be allowed to withdraw such appearance and plea.

Trespass, *quare clausum fregit.* Error to the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed November 2, 1897.

WILBUR & HAUZE, attorneys for plaintiffs in error, contended that where two are defendants in action of trespass to property, and one is chargeable with malice or recklessness, and the other not, exemplary damages can not be awarded against both. Becker v. Dupree, 75 Ill. 167; Grund v. Van Vleck, 69 Ill. 478; Pardridge v. Brady, 7 Ill. App. 639.

Douglas v. Hoffman.

It is held, when only one of two or more defendants, joint wrongdoers, acted in such a way as to render himself liable to exemplary damages, the plaintiff may have judgment against him, but in the case of McCarthy v. DeArmit, 99 Pa. St. 63, it was held that if one of the defendants was not liable to exemplary damages none could be given. If defendant acted in good faith, such as acting under advice, he can not be made liable to exemplary damages. Sedgwick on Damages, Vol. 1, 382.

As to the relation of court and jury in awarding exemplary damages, whether there is any evidence to justify the assessment of exemplary damages is a question for the court, and if there is none, it is error to submit the question of exemplary damages to the jury. Selden v. Cashman, 20 Cal. 56; 1 Sedgwick on Damages, 546, and notes.

JOHN W. BYAM, attorney for defendant in error.

The taking of a bill of exceptions is a general appearance in a case. Young v. Rankin, 4 How. (Miss.) 27.

The prosecution of an appeal by a defendant not summoned, and who did not appear, is an appearance to the action. Allen v. Brown, 4 Metc. (Ky.) 342; Gill v. Johnson's Adm'rs, 1 Metc. (Ky.) 649.

The prosecution of a writ of error is an appearance which operates to cure a defective service or return. Bustamente v. Bescher, 43 Miss. 172.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is an action of trespass *quare clausum fregit* brought by Hoffman, defendant in error, against Adams, Douglas and Marriott, plaintiffs in error.

The trial resulted in verdict and judgment against all the plaintiffs in error for the amount of $5,000.

It seems probable, if not certain, from the evidence, that the verdict was to a considerable extent for smart money.

The sixth instruction given for the plaintiff in the trial court, informed the jury in effect that if they found the trespass to have been committed under such circumstances as

evinced a disposition on the part of defendants (there) to maliciously and wantonly and willfully commit the same, then exemplary damages might be awarded by way of punishment.

The evidence was such as to leave it a matter of grave doubt whether any of the defendants, save Marriott, participated in the actual force, or had any knowledge of or connection with it until after it had been committed.

The special findings of the jury were inconsistent and conflicting, but by one of them the jury found that Marriott was the one of the defendants in trial court who had actually participated in, advised or counseled the trespass, and, by exclusion, indicated a finding that the other defendants did not so participate, advise or counsel. By another finding they determined that after the trespass had been committed, "the defendants" ratified the same.

In view of the evidence and of these special findings, and of the submission to the jury of the question of punitive damages, it is complained by plaintiffs in error that the court erred in giving certain instructions for defendant in error, plaintiff in the trial court, particularly the second and eighth. These instructions announce, in effect, the proposition that they who ratify a trespass, the actual commission of which they have neither authorized, advised, or in any way participated in, are yet, by reason of such ratification, liable to the same extent as is the one whose trespass they have ratified. They are in part as follows:

"And the court instructs the jury that if they believe from the evidence that the trespass alleged in the plaintiff's declaration was committed by some person or persons professing to act for and in the interest of the defendants in the absence of the plaintiff and against his will, and removed the plaintiff's effects from the rooms in question against the will of the plaintiff, without legal authority so to do, and, further, that immediately after all this had been done, the defendants, knowing the facts, went in, and by themselves, or their agents, took possession of the premises, and retained such possession, this would in law be a ratification by the

defendants of the acts of such other parties, and they would be liable therefor to the same extent as though they had participated in the acts of such other party or parties."

The instruction quoted and another substantially like it, the second, directed the jury incorrectly as to the law. It is well settled that where several are held jointly liable for a trespass, some by reason of participation and others by reason of ratification only, no punitive damages can be awarded as against such as are liable only because of ratification after the act, and a verdict in such case, which assesses punitive damages against all, is bad. Grund v. VanVleck, 69 Ill. 478; Pardridge v. Brady, 7 Ill. App. 639.

Nor can we view this error as cured by the giving of the ninth instruction for plaintiffs in error.

From the evidence and verdict here, it would seem that the instructions complained of were not only likely to, but probably did, work prejudice to certain of the plaintiffs in error.

It is also claimed that evidence was admitted tending to show a subsequent trespass not participated in by all of the defendants. There can be no question as to the rule that such evidence would be inadmissible when it did not appear that all of the defendants were parties to the second trespass. Gray v. Waterman, 40 Ill. 522.

And if it be a matter of contested fact as to whether all of the defendants did or did not participate in the second trespass, the jury should be instructed as to the law governing them in that behalf, so that, if they found that part only of the defendants were connected with the second trespass, they might be directed to disregard all evidence touching such trespass. No such instruction, however, was presented by counsel to the trial court.

The admission in evidence of a receipt signed by one of the defendants in the trial court, is assigned as error. It is as follows: "Saturday, October 29th. Received W. M. Major $25.50. For seventeen Siphons. F. A. Marriott."

We think the receipt was properly admitted. It bore upon the question of the business carried on by the defend-

ant in error, and the question of date was properly submitted to the jury.

The court properly refused the 10th, 11th, 12th, 13th, 14th and 15th instructions asked by plaintiffs in error, as whatever of them was correct had been sufficiently covered by other instructions given.

Before the trial of the cause a motion was made on behalf of Douglas, one of the defendants in the trial court, by the attorneys who had entered his appearance, for leave to withdraw his appearance and plea. The motion was supported by affidavits showing that the entry of his appearance and the filing of his plea were without authority from him, and that he was not served with process, and was not aware that any such appearance had been entered or plea filed until after trial. The motion was passed upon by a branch of the court other than the trial judge, and denied, and was again presented and denied at the trial. There is no assignment of error by Douglas, but inasmuch as the attention of the court is, called to this motion by the briefs of counsel, and as the cause must be submitted to another jury, we deem it proper to indicate that in the opinion of the court this motion should have been allowed. Leslie v. Fischer, 62 Ill. 118.

For the error in giving the instructions noted, the judgment is reversed and the cause remanded.