## Wolf Goldstein et al. v. Helen Miller.

·1. Punitive Damages—*Not to be Assessed Against a Party Guilty of a Trespass by Ratification.*—A person who is not liable for a trespass by reason of any participation in the actual force, or by any connection with it, though having directed or advised it, but is held merely through a subsequent ratification of the trespass, can not be made to respond in punitive or vindictive damages.

Trespass, *de bonis asportatis.*—Appeal from the Superior Court of Cook County; the Hon. Jesse Holdom, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 24, 1901.

Statement.—This suit was brought by appellee in trespass *quare clausum fregit* and *de bonis asportatis.* Appellants pleaded the general issue only. The undisputed facts are that appellee was a tenant of appellant Goldstein; that she was indebted to him for $20 rent due; that appellant Adams, with others not impleaded, went into the leasehold premises occupied by appellee and levied a distress warrant upon certain of her household goods. The evidence as to the value of the goods taken varies from $14 to between $40 and $50. There was no evidence that appellant Goldstein was in any way connected with the acts of Adams and others in levying upon and removing the goods, except that the distress warrant under which the levy was made was executed by Goldstein as landlord; and except that after the levy and removal of the goods Goldstein directed what should be done with them.

The court gave the following instruction to the jury :

" The court instructs the jury that 'if you believe from the evidence that the defendants committed the alleged grievances in question, you will find the defendants guilty; and if you further believe from the evidence that the plaintiff has sustained actual damage, you may, if you further believe from the evidence that the said defendants committed the said alleged grievances wrongfully, willfully and intentionally, award the plaintiff, in addition to the said actual

damages, exemplary or punitive damages as a punishment to the defendants, and as a warning to them and others not to offend in like manner."

The jury returned a verdict for appellee, assessing her damages at $300, and from judgment thereon this appeal is prosecuted.

Kretzinger, Gallagher & Rooney, attorneys for appellants.

Henry C. Noyes, attorney for appellee.

Mr. Justice Sears delivered the opinion of the court.

The plea of appellants being only the general issue, the defense, by justifying under the distress warrant, was not available as a bar to the action. But the difficulty is that it is only through this evidence of the distress warrant that appellant Goldstein is in any way connected with the action of Adams and others which are alleged to have constituted the trespass. If the distress warrant and the proceedings thereunder be relied upon to show the connection of appellant Goldstein with the levy, they also show that Goldstein was, in executing the warrant and authorizing a levy, proceeding under color of lawful procedure. If the entire evidence of the distress warrant and proceedings thereunder be disregarded, then the only connection of Goldstein with the alleged trespass is by way of ratification through his subsequent acts in directing a disposition of the goods seized. But in such case appellant Goldstein could not be held to respond for more than actual damages. The law is that one who is not liable for a trespass by reason of any participation in the actual force. or by any connection with it through having directed or advised it, but is held merely through a subsequent ratification of the trespass, can not be made to respond in punitive or vindictive damages. Grund v. Van Vleck, 69 Ill. 478; Rosenkrans v. Barker, 115 Ill. 331; Pardridge v. Brady, 7 Ill. App. 639; Leiter v. Day, 35 Ill. App. 248; Douglas v. Hoffman, 72 Ill. App. 110.

Therefore the instruction given by the court, by which

the jury were informed that they might assess punitive damages against both appellants, was erroneous. There was no evidence upon which such damages could properly be allowed as against appellant Goldstein. That the jury did assess punitive damages as smart money against both appellants is apparent from the verdict, fixing the damages at $300, when the evidence showed no such actual damage.

The judgment is reversed and the cause is remanded.