**Arthur Levin, Defendant in Error, v. M. H. Cazier et al., Plaintiffs in Error.**

**Gen. No. 14,287.**

Instructions—*effect of refusing upon particular issue.* It is error to refuse to give to the jury a proper instruction upon a material issue in the cause, the effect of such refusal being to exclude such issue from the consideration of the jury.

Action for damages for false imprisonment. Error to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, pre-

siding.    Heard in the Branch Appellate Court at the March term, 1908.    Reversed and remanded.    Opinion filed January 8, 1909.

Statement by the Court.    Arthur Levin, defendant in error, brought suit in the Municipal Court of Chicago against M. H. Cazier and Chicago Form Company, plaintiffs in error, to recover damages for false imprisonment.    The statement of claim filed set out that the "plaintiff's claim is for damages for false imprisonment, and plaintiff claims that said defendants on, to wit, the 19th day of November, 1906, in Cook county, Illinois, made an assault upon the plaintiff and ill-treated him and then and there imprisoned him and detained him in prison there without any reasonable or probable cause whatsoever for the space of, to-wit, two days or forty-eight hours then next following, contrary to the laws of this state and against the will of the plaintiff, and other wrongs to the plaintiff then and there did against the People of this State and to the damage of the plaintiff of $1,000."

The evidence tends to show that the plaintiff was a peddler, and had for some time purchased of the defendant Chicago Form Company, of which Cazier was the president and principal stockholder, coat hangers and other things to keep clothes in shape.    On Saturday, November 19, 1906, Levin went to the place of business of the Form Company about nine o'clock in the morning and purchased $2 worth of goods and left the place.    In the afternoon of the same day he returned to the Form Company's place of business to purchase more goods.    Cazier asked Levin into a room and asked him how much money he had.    After some further questions about money Cazier said to Levin, "You better cough up.    You went to my drawer this morning and took $14 out."    This was in effect denied by Levin, and thereupon Cazier said he was going to call an officer and went out of the room, closing the door.    He returned in about ten minutes and said to Levin that he could not get an officer, so

he would let him go this time. As to whether the door of the room was locked or not is controverted in the evidence.

On the following Monday morning Levin returned to the office of defendants and after some talk between Levin and Cazier the latter sent for an officer, who had some conversation with Cazier and a stenographer in the office and the officer asked Levin why he took the money. Levin denied that he took it. The officer then suggested that they go to the police station and Levin assented. Cazier, Levin and the officer then went to the station, where Cazier, after talking with another police officer, signed a complaint which apparently was not sworn to until the next day. Levin was locked up in a cell in the City Hall a half of that day, and was then taken to the Harrison street station where he was detained until the next morning, when he was bound over by an examining magistrate to appear before the grand jury in bonds of $300 and was taken to the county jail. He was detained there two days. The grand jury refused to indict him, and he was released.

There is a controversy in the evidence upon the question as to whether or not Levin was detained in the office of the Form Company on Monday by Cazier while he sent for the officer and talked with the officer after he arrived. Levin says he was locked in the room by Cazier. This is denied by the defendant's testimony.

JOSEPH CUMMINS and LORENZO E. Dow, for plaintiffs in error.

ADOLPH MARKS, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The defendants requested the trial court to give to the jury the following instruction:

"The jury are instructed that if they believe from the evidence that the defendant Cazier did not himself restrain the plaintiff or deprive him of his liberty and that the said Cazier's acts in connection with the said alleged false imprisonment consisted of making a statement of alleged facts to the officer, Newman, and subsequently signing a complaint at the police station, and that said Officer Newman acted on his own volition and responsibility in making the said alleged arrest, then the alleged false imprisonment, if any occurred, was not committed by the defendants, or either of them, and the jury should find the defendants not guilty."

The instruction was refused. The testimony of Levin is to the effect that he was locked up and detained in the private office of the defendants by Cazier on Saturday and again on Monday. This is denied by the evidence offered in behalf of the defendants. It was a material issue in the case whether Cazier, himself, had restrained or deprived Levin of his liberty, or whether, on the other hand, Cazier simply told Officer Newman the facts and the officer, on his own volition and initiative, arrested Levin. The defendants had a right to have this controverted question of fact submitted to the jury under proper instructions. In our opinion the court should have given this instruction in its charge to the jury, and that it was material error to refuse or omit to charge the jury as requested.

The defendants also requested the court to give to the jury the following instruction:

"9. The jury are instructed that it is their province to determine from the evidence whether the alleged arrest in this case was made at the office of the defendants or whether the plaintiff accompanied the officer, Newman, to the police station wholly of his own will and volition, and whether the alleged arrest, if made, was made at the office of the defendants or at the police station after the complaint was signed by the defendant Cazier."

The instruction was refused.

This instruction, while subject to criticism, covered a material issue in the case under the evidence and in substance should have been given. Requested instruction No. 16 should also have been given.

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*