# JAMES M. CUTLER

## *v.*

## ELIZABETH M. SMITH.

1. TRESPASS—*wrongful entry into the house of another—license in respect thereto.* Where in an action of trespass *vi et armis*, it was sought to recover for the alleged wrongful entry by defendant, into the plaintiff's house, an instruction asked by the defendant which directed the jury, that if they believed from the evidence, that the defendant entered the plaintiff's house by her leave and license, or by the leave or license of any inmate thereof, such entry was not a trespass, was regarded as erroneous, in asserting that any inmate of the house could give a license to enter, whereas a mere stranger or trespasser might have been an inmate of the house, and the

right to the enjoyment of home in quietness and free from intrusion does not permit its invasion on the license of a mere stranger or trespasser who may happen to be in the house.

2. Though it might be that such a license, acted on in good faith, would mitigate the damages for such an entry, yet it would not operate as a justification.

3. While there may have been no facts in the case calculated to mislead the jury, had such an instruction been given, still the defendant could not complain of the refusal to give it, the same not being legally accurate.

4. In order to constitute a license to enter the house of another, it is not necessary that express authority should be given; but if a person visit the house of another to see him on business and is allowed to enter, or does enter without force, that would be deemed a license.

5. But the defendant being sued, not only for entering the house of the plaintiff with force, but for taking others with him, an instruction directing the jury that if defendant went to plaintiff's house on business, and was allowed to enter, or did enter without force, such would be deemed a license, would be erroneous as tending to mislead the jury; for if the defendant was permitted to enter the house under an express or an implied license, that would not authorize him to take his assistants with him, and although he entered himself under a license, he might still have been guilty of a trespass, in forcing those aiding him into the house against the plaintiff's will,—the instruction relating only to his own entry.

6. A man has no authority to enter the house of another without permission, even to take his own property.

7. Even an officer armed with a writ in a civil case, representing the majesty of the State, can not break into and enter a man's house to seize property.

8. A party wishing to recover property in the house of another, has his remedy by an action, and must pursue it unless he can gain access to the domicil of such person, either by express or implied assent. The home of every person is held by the law to be sacred and it will not permit intrusion against the will of the owner.

9. EXEMPLARY DAMAGES—*for trespass*. The law has, for the repose of society, authorized the jury to give exemplary damages, when a trespass is wanton, wilful or malicious, or when it is accompanied with such acts of indignity as to show a reckless disregard of the rights of others, as a punishment for the wrong and to deter others from the perpetration of such acts.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN OLNEY, for the appellant.

Messrs. HIGGINS, SWETT & QUIGG, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action *vi et armis*, to realty and personal property. The first count was *quare clausum fregit*, and the second to goods and chattels. To the declaration the defendant pleaded the general issue, license of appellee, and that he entered by virtue of a chattel mortgage executed by one Alonzo Cutler, on the chattels in question. To the second plea appellant filed two replications traversing the averment of license, and averring property in himself and denying the existence of a valid chattel mortgage and the right to seize the property under the same. These issues were tried by a jury, who found a verdict of $1000. A motion for a new trial was entered, but was overruled by the court and judgment rendered on the verdict, to reverse which this appeal is prosecuted.

It is urged that the court erred in refusing appellant's first instruction ; it is this :

" If the jury believe, from the evidence, that the defendant entered the house of plaintiff by her leave and license, or by the leave or license of any inmate thereof, such entry was not a trespass."

This instruction is wrong as it asserts that any inmate of the house could give a license to enter. A mere stranger, or trespasser, might have been an inmate of the house, and yet no one would contend that they could have given a legal license to enter. It might be that such a license, acted on in good faith, would mitigate damages for such an entry, but not, as this instruction asserts, a justification. The right to the enjoyment of home in quietness and secure from intrusion does not permit its invasion on the license of a mere stranger or

trespasser who may happen to be in the house. While there may have been no facts in the case calculated to mislead the jury had it been given, still a party can not complain of the refusal to give an instruction which is not legally accurate.

It is next insisted that the court erred in refusing to give appellant's instruction, numbered two in the series; it is this:

" In order to constitute a license to enter, it is not necessary that plaintiff should expressly authorize defendant to enter; but if defendant went to plaintiff's house to see her on business, and was allowed to enter, or did enter without force, this would be deemed a license."

This instruction, no doubt, asserts a correct abstract legal proposition, but was calculated to mislead the jury. Appellant was sued, not only for entering the house of appellee with force, but for taking others with him. If he was permitted to enter the house under an express or an implied license, that would not authorize him to take those who assisted him, into the house of appellee. The instruction only relates to appellant's entry into the house, and not to his trespass in taking his assistants therein. Even if he entered rightfully, still it was a trespass, if he, without license, had his assistants to enter. A license to him did not confer power to bring any and all persons he chose into appellee's house. Thus it is seen that he might have entered under a license and yet have been guilty of a trespass in forcing those aiding him into the house against appellee's will.

There was no error in refusing this instruction:

" Even if the jury believe, from the evidence, that defendant entered in and upon the premises of plaintiff, for the purpose of taking goods and chattels to which he was entitled, and this without any permission from plaintiff, unless they believe, from the evidence, that defendant did wanton and unnecessary damage to plaintiff's property, they should not give vindictive or exemplary damages."

We are referred to no authority which holds that a party may enter the house of another without permission, even to take his own property. And if a case could be found announcing such a doctrine, we should hesitate long before adopting it. Even an officer, armed with a writ in a civil case, representing the majesty of the State, can not break into and enter a man's house to seize property. And we are aware of no rule of law that confers upon a private individual greater powers. A party has his remedy by an action and must pursue it, unless he can gain access to the domicil of another, either by express or implied assent of the occupant. The home of every person is held by the law to be sacred and it will not permit intrusion against the will of the owner.

It is urged that the court erred in giving appellee's instruction; it is this:

"If the jury believe, from the evidence, that a trespass in this case was committed by the defendant, or his servants by his direction, in a wanton, insulting, wilful and reckless manner, the jury are authorized to find exemplary or punitive damages, that is, such damages as will compensate the plaintiff for any wrong to her, and to punish the defendant, and to furnish an example to deter others from like practices."

This instruction states a correct and undeniable principle of law; one that has long been recognized and enforced. It is based upon sound policy. The experience of past ages demonstrates a tendency on the part of many in every community to take the law into their own hands, and to oppress, insult and abuse others, even in pursuing their rights. And inasmuch as such conduct is not indictable, the law has, for the repose of society, authorized the jury to give exemplary damages, where a trespass is wanton, wilful or malicious, or where it is accompanied with such acts of indignity as to show a reckless disregard of the rights of others, as a punishment for the wrong, and to deter others from the perpetration of such acts.

We now come to consider the question of whether the damages are excessive. An attentive consideration of all the facts appearing in this record, shows that they are too large. While the jury were warranted, from the evidence, in finding appellant had committed a trespass, still, it fails to show, we think, such wanton, reckless or malicious conduct as to call for the degree of punishment inflicted by so large a verdict. We will not say, that the case does or does not call for the finding of punitive damages, as that is a question for the jury, but we fail to see that the facts warrant so large a finding.

The judgment is reversed and the cause remanded.

*Judgment reversed.*