Joseph A. Kurrus

v.

John Seibert.

</div>

1. Nuisance.—If a tenant uses the premises in such a manner as to create a nuisance, the landlord has a right to abate it.

2. Punitive damages.—Such damages are awarded when the act complained of is characterized by fraud, malice, gross negligence, or oppression; and unless some of these elements mingle in the controversy, only actual damages may be allowed.

3. Entry of landlord on demised premises—Damages.—For a mere unlawful entry upon demised premises after the expiration of the tenancy, unaccompanied by a trespass, only nominal damages can be recovered.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding. Opinion filed September 29, 1882.

Mr. E. R. Davis and Mr. James M. Dill, for appellant; that for a mere entry by the landlord upon the possession of the tenant holding over, unaccompanied by a trespass, only nominal damages can be recovered, cited Reeder v. Purdy, 41 Ill. 279.

Mr. L. H. HITE, for appellee; that the entry by the land-lord and taking possession was a conversion, cited Hippe v. De Pine, 51 Ill. 528.

WALL, J. Seibert, the plaintiff below, was the tenant of Kurrus, the defendant below, using the room so occupied as a meat shop. As he contends, he was unlawfully excluded from the possession of the demised premises by his landlord, who also took possession of and converted to his own use a quantity of meat, vegetables, and sundry other articles of personal property, such as tools, meat blocks, account-books, etc. Kurrus contends that Seibert was in arrears for rent, and that he served a notice upon him that unless he paid up within six days the lease would be forfeited; that no payment was made; that he afterward got judgment for the amount due; that about the time fixed by the notice, Seibert, without anything further on his part, abandoned the premises and left therein the articles referred to, including a quantity of fresh meat, which latter having spoiled, became very offensive and had to be removed, and that he notified Seibert to take away the other articles, which was never done. There was considerable conflict upon the question whether Seibert was excluded or whether he voluntarily abandoned the premises; but we think it is pretty clear that he was in default on the rent, and that after learning by the notice that he must pay or quit the premises, he made no effort to pay, and that when, according to his own version, he found the door closed from the inside, he made no serious effort to gain admission or to obtain his property, and suffered the meat, worth, as he says, from two to three hundred dollars, to remain and spoil. He proves that he sent his man, with another as a witness, to demand certain account-books, which he claims were left there, and contained valuable accounts; but there was nothing done indicating an inclination on his part to recover or preserve the property that he says was in the shop. Kurrus denies all knowledge of the books; says he found nothing of the sort there, and it is not easy to see why or for what purpose he should have wished to retain them, if he had found them.

The estimates put by Seibert upon the value of the meat as well as the value of the business, and his loss in consequence of being forced to give up the stand, seem very extravagant. These questions of fact were for the jury, however, and we only refer to them for the purpose of considering the points made by counsel upon the instructions given for the plaintiff, which were as follows:

" The landlord has no right to retake possession of prem ises leased to his tenant, forcibly and without his consent, for non-payment of rent, or for a nuisance committed by tenant, or for any other reason, and if the jury believe from the evi- dence in this case, that the defendant Kurrus in this case took forcible and unlawful possession of the premises in question, then the jury will find the defendant guilty, and assess plaint- iff's damages at any sum they may see fit, as justified by the *circumstances*, not exceeding two thousand dollars." " The court further instructs the jury for the plaintiff, that if they believe from the evidence that the defendant Kurrus, forcibly and without right, took and held possession of the premises in question, which had been rented by him to plaintiff, then he is liable to plaintiff in damages for trespass, and the fact that defendant gave plaintiff notice to quit will constitute no de fense to this action, and the jury will find the defendant guilty, and assess plaintiff's damages at not only the actual damages, but add such vindictive damages as they think will be a just punishment for the wrong done, the whole not to ex- ceed the sum of two thousand dollars."

The first instruction was doubtless understood by the jury to mean that though the plaintiff left the meat to become rot- ten and offensive, the defendant could not lawfully enter and remove it, and if he did the jury might award damages. It must be apparent that if the act of the plaintiff caused such a nuisance as described by the defendant and some of the witnesses, he had a right to abate it: Wood on Nuisances, Chap. 31; and the instruction was faulty in giving the jury a license to · assess such damages as they might see fit, as jus- tified by the circumstances not exceeding two thousand dollars. The jury could only consider the facts in evidence, and could

not assess more than actual damages unless there were such facts as would warrant punitive damages. The second instruction is faulty in assuming that if plaintiff was entitled to recover at all, he was entitled to vindictive as well as actual damages. Such damages are awarded when the act complained of is characterized by fraud, malice, gross negligence or oppression, and unless some of these elements mingle in the controversy, no more than actual damages are allowed. Sedgwick on Damages, 38. It was error to assume that there were such elements present in this case. It is to be observed that in neither of these instructions is there any reference to the alleged trespass to the personal property, and that an entry upon the premises is the only act necessary to be established as a basis for the proposed damages. For a mere unlawful entry by a landlord upon leased premises after the expiration of the tenancy, unaccompanied by a trespass to the person or to personal property, only nominal damages can be recovered, because the tenant has no longer a legal right to the possession. Reeder v. Purdy, 41 Ill. 289. In the view we take of the evidence, the verdict is too high unless punitive damages were allowable, and the jury were probably influenced by what they deemed an intimation from the court that it was a proper case for such damages. The judgment will be reversed and the cause remanded.

Reversed and remanded.