T. BENTON LEITER AND J. Q. GRANT

v.

WILLIAM E. DAY.

*Landlord and Tenant—Trespass—Lease—Conditions—Breach by Tenant—Ejectment of—Evidence—Instructions—Damages—Pleading.*

Leiter v. Day.

1. Bad instructions for the winning party are not cured by good ones for the loser.

2. A defendant proving one of several pleas in bar is entitled to a judgment.

3. A person employing another to take possession of certain premises is liable for actual damages to the person dispossessed.

4. A ratification of a trespass is not a ground for vindictive damages.

[Opinion filed January 22, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. STILES & LEWIS, THOMPSON & SWISHER and C. S. CUTTING, for appellants.

Messrs. MEECH & ASAY, for appellee.

GARY, P. J.   This is an action of trespass against appellants, for putting the appellee out of possession of premises demised to him by Levi Z. Leiter.   The appellants justified under the lease by which the rooms were demised, " to be used for dental offices," and which contained a covenant that no part of the premises should " be used for any other purpose," with stringent provisions for terminating the tenancy, and re-entry for any breach of covenant, averring that the appellee used the rooms for sleeping and bedrooms, cooking and dining rooms, in connection with dental offices, and for that cause they, as agents of the lessor, put the appellee out.

The appellee replied *de injuria.*   Upon the evidence there could not be so much question that the plea was proved.   The appellee was married.   From his own testimony it appeared that he and his wife slept in the rooms, that they cooked and ate there, not wholly, but to a considerable extent, and had no other residence.

But in the instructions to the jury, and in the argument here on behalf of appellee, the case is treated as though the issue the jury were sworn to try had nothing to do with it.

The instructions on behalf of appellants, however emphatic, do not avoid the errors in giving those for the appellee.   Bad

instructions for the winning party are not cured by good ones for the loser. Cases cited in Counselman v. Collins, 35 Ill. App. 68. Among the insructions were these:

1. "The court instructs the jury that if they find from the evidence that the plaintiff was in the actual and peaceable possession of the premises in question in this suit on and before December 2, 1887, then, as a matter of law, the plaintiff's possession is presumed to be rightful until the contrary is shown; and no one, not even the owner of the said property himself, had a right to go upon said premises and forcibly eject plaintiff therefrom, or remove his property, if from the evidence the jury believe any property was so removed against the plaintiff's will, unless the plaintiff had authorized such entry and removal." (Given.)

6. "If the jury find from the evidence that defendant J. Q. Grant, at the time of the alleged trespass by direction of defendant T. Benton Leiter, either with or without force, entered into the rooms occupied by the plaintiff, and did then and there against the will of said plaintiff forcibly remove said plaintiff's property from said rooms, and did forcibly dispossess said plaintiff from said rooms, and did take possession of said rooms against the will of said plaintiff, e ther by force, threat or fraud, then and in that case the jury should find the defendants guilty; and if the jury further believe from the evidence that the plaintiff was by such acts damaged in person or property, or in business, then the jury, in assessing damages to be awarded to plaintiff, may not only take into consideration such damages as they believe from the evidence he actually sustained, but may also, if they further believe the acts of said Grant and those assisting him were wanton, forcible, insulting, and in reckless disregard of the plaintiff's rights, add to said actual damages so proven, if any, such sum as they think proper as exemplary damages." (Given.)

These instructions were almost equivalent to directing the jury to find for the appellee; for though there was some testimony that the appellee yielded voluntarily to a demand for possession, yet, as between landlord and tenant, only a sanguine attorney would expect the jury to so find.

It is true that by another plea than the one under consideration, the appellants had alleged such voluntary surrender, but if they failed to prove that, and proved their justification under the plea, the substance of which has been stated, they were entitled to a verdict.  " If a defendant plead, and proves one plea in bar, he is entitled to judgment. McClure v· Williams, 65 Ill. 390–393.

The appellant Leiter was not present at the eviction, but had employed the appellant Grant to take possession of the premises. By so doing, if the eviction was wrongful, he made himself liable for all actual damages to the appellee.   But if he acted in good faith, without malice, with reasonable prudence, in the exercise of what he believed to be a legal right, this would be the extent of his liability.   It is probable that a liberal estimate by the jury of the actual damages in such a case would not be disturbed, but the damages must be ostensibly actual.   Hawkes v. Ridgway, 33 Ill. 473;  T., P. & W. R. R. v. Patterson, 63 Ill. 304;  Miller v. Kirby, 74 Ill. 242.

A ratification of a trespass is not a ground for vindictive damages.   Grund v. Van Vleck, 69 Ill. 478;  Rosenkrans v. Barker, 115 Ill. 331.   The sixth instruction, as well as others upon ratification not quoted, runs counter to the doctrine of these cases.

On the general subject of punitive damages, see also Pierce v. Millay, 44 Ill. 189;  Becker v. Dupree, 75 Ill. 167;  Gravett v. Mugge, 89 Ill. 218;  Cutler v. Smith, 57 Ill. 252;  Kurrus v. Seibert, 11 Ill. App. 319.

It is not credible that the actual damages of the appellee approximated the amount awarded by the jury.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*