GREAT WESTERN TELEGRAPH COMPANY for the use of E. R. BOWEN, Receiver, Appellant, v. HIRAM PURDY, Appellee.

1.  Limitation of Actions: CONTRACTS: SUBSCRIPTION TO CORPORATE STOCK PAYABLE IN INSTALLMENTS. Under a contract of subscription to stock in a corporation providing for payment of the same in installments "as the directors from time to time may order," if the authority of the board of directors be not exercised for more than ten years, the right of action for such installments will be deemed barred by the statute of limitations.

2.  ——: ——: ——. Several years preceding the commencement of this action, in proceedings instituted for the appointment of a receiver of the plaintiff company, and in which the latter was a defendant, an order of court was made requiring assessments to be made upon the stockholders for the amount of their unpaid subscriptions to stock. *Held*, that the defendant not being a party to that proceeding, he was not bound thereby, and said order did not operate to stop the running of the statute.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

THURSDAY, OCTOBER 15, 1891.

ACTION by the receiver of a corporation to recover against a stockholder an unpaid balance, due upon his subscription for stock. The case was tried without a jury, and a judgment rendered for the defendant. The plaintiff appeals.—*Affirmed.*

*Newman & Blake* and *Thomas J. Sutherland*, for appellant.

*S. L. Glasgow*, for appellee.

BECK, C. J.—I.   On the sixteenth day of February, 1869, the defendant subscribed for fifty shares of

1. LIMITATION of actions: contracts: subscription to corporate stock payable in installments.

the capital stock of the Great Western Telegraph Company, organized under the laws of the state of Illinois, in May, 1868. The par value of each share of stock was twenty-five dollars.   Payments of installments were made upon the stock.   In 1874 a receiver of the telegraph company was appointed.   In 1886 a decree was entered in an action in the circuit court of Cook county, Illinois, ordering an assessment upon the stockholders for the unpaid stock subscriptions.   The corporation was a defendant, and certain persons, who need not be named, were the plaintiffs.   It does not appear that the defendant was a party to the proceedings.   This action was commenced in 1889.   The contract of subscription is in the following language:

"We, the subscribers hereunto, for value received, severally, but not jointly, agree to take the number of shares in the capital stock of the Great Western Telegraph Company placed opposite our respective names, and pay for the same in installments, to-wit, five per cent. on amount paid in, and the balance as the directors from time to time may order.   In consideration thereof the Great Western Telegraph Company agree that, when forty per cent. of the par value of the shares shall have been paid under such orders, and the installment receipts therefor surrendered to the company, the number of shares severally subscribed by the undersigned shall be issued to them as full paid stock by the said company.   T. C. Snow is appointed agent to solicit stock, and receive only the first installment of

five per cent. (fifty cents on a share) at the time of subscription.                              J. SNOW,
                                        "Secretary."

| Names. | Residence. | Date of subscription. | Number of shares. |
|---|---|---|---|
| Hiram Purdy. | Burlington, Io. | February 16, 1869. | Fifty (50). |

In 1872 the executive committee of the board of directors of the telegraph company, by resolution, required the payment of all arrearages upon subscription to the capital stock of the company, and directed the secretary to notify the stockholders of this action, and to demand payment of all arrearages. It is not made to appear that the notices required were given to the stockholders.

II.   The defendant pleads, as a defense, that the action is barred by the statute of limitations.   In our opinion, this defense is sustained, and the action must fall.   It will be observed that five per centum of the amount of the stock was payable when the subscription was made, and the balance was to be paid as the directors of the corporation should order.   It may be assumed that this balance did not become due, and no action to recover therefor could be maintained until such an order had been made.   It rested with the corporation, by proper orders and notices, or other acts, to acquire the right to maintain an action.   It is the case of a creditor or obligee holding, by the terms of the contract, the power to acquire, by his own act, the right to maintain an action upon the contract.   It is plain that this power must be exercised at a just and reasonable time, and not hastened or delayed to the prejudice of the other party.   In the case before us, if the position of counsel for the plaintiff be correct, no act of the corporation was ever had requiring payment of the arrears due on the stock subscrip-

tion.   It is claimed that the order for the payment of
the stock was not sufficient, for the reason that it was
made by the executive committee of the directors, and
no notice thereof was given to the defendant and other
stockholders.   If counsel's position be correct, no
demand or order for payment was made for fourteen
years or more.   Surely the law will not permit a party,
by his own inaction, to defeat the statute of limitations.
This statute does not commence to run until an action
can be brought; that is, until the plaintiff acquired the
right, by the terms of the contract, to commence a suit
thereon.   It is very plain that, by the terms of the
contract, the corporation had the right, at any time, to
institute the suit.   But that right was to be exer-
cised upon an order for payment and notice thereof.
These acts thus pertain to the commencement of the
action, being a part of the proceedings for the remedy,
and depend upon the exercise of the will of the direct-
ors of the company, just as do the issuing of a notice
or filing of a petition in the action.   Surely, it would
be wholly unreasonable to say that the company had
not the right to commence an action, for the reason
that it had not ordered payment and given notice
thereof.   In support of these views, see the following
cases:   *Baker v. Johnson Co.*, 33 Iowa, 151; *Prescott v.
Gonser,* 34 Iowa, 175; *Hintrager v. Hennessy*, 46 Iowa,
600; *Squier v. Parks*, 56 Iowa, 407; *Ball v. Keokuk &
N. W. Ry. Co.*, 62 Iowa, 751; *Lower v. Miller*, 66 Iowa,
408; *Hintrager v. Traut*, 69 Iowa, 746; *First Nat. Bank
v. Greene*, 64 Iowa, 445.

III.   It is insisted that the defendant is precluded
by the order of the court made in 1886, requiring pay-
ment of arrears of the stock due from
stockholders, for the reason that he is to
be regarded as a party to that proceeding.   But
he was not in fact such a party.   The record does
not show that he was, and the law did not require

that he should be made a party to the proceeding wherein the receiver was appointed. The court, by its order, assumed to do what the company thought its directors were required to do. The directors, in calling in payments for the stock, were not required to notify the stockholders of their proposed action, and give them an opportunity to appear and object. They were probably entitled to notice thereof after the order for payment, but not to notice before it was made. In our opinion, the action of the plaintiff is barred by the statute of limitations. Other questions in the case need not be considered. AFFIRMED.