# Great Western Telegraph Company, for the use, etc., v. D. P. Stubbs.

1. LIMITATION—*Actions Arising out of the State.*—Where a cause of action has arisen outside of the State and upon which no action can be maintained there by reason of the law of limitations of the State or country where the action arose, then an action can not be maintained in this State.

2. SAME—*Laws of Other States.*—Our statute does not require that the law of the State where a cause of action arises, shall be a just law, but simply a law. Such laws may be statutory, or rules laid down by the highest court of the State, but when the rights of parties are governed by them our courts will follow the law of the State, whether like our own or not, and if the bar is complete there it is complete here.

Great Western Telegraph Co. v. Stubbs.

Memorandum.—Assumpsit. In the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. The pleadings are stated in the opinion of the court. Judgment on demurrer to plea of the statute of limitations; error by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 15, 1894.

THOMAS J. SUTHERLAND, attorney for plaintiff in error.

TENNEY, CHURCH & COFFEEN, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff here was plaintiff below, suing the defendant in assumpsit, alleging *inter alia* that the defendant " on the 17th day of February, A. D. 1869, at the county aforesaid (which was State of Illinois, Cook county), made and entered into an agreement in writing, with the plaintiff, in and by which agreement the said defendant subscribed for, and agreed to and with the plaintiff to take 100 shares of the capital stock of the plaintiff and to pay for the same " in a manner and at a price stated in the declaration.

Among the pleas by the defendant was this:

" And for a further plea in this behalf, said defendant says that said plaintiff ought not to have or maintain its aforesaid action against him, because, he says, that the supposed contract in said declaration mentioned, was executed in the State of Iowa and not in the State of Illinois, and that the cause of action accrued thereon in said State of Iowa, and not in the State of Illinois. That by the laws of the State of Iowa, then and now in force, it was provided that all actions upon contracts in writing like that in said declaration described, should be commenced within ten years next after the cause of action accrued, and not otherwise, and that by said laws, the cause of action upon said contract accrued more than ten years prior to the commencement of this suit; that said defendant has ever since continued to be, and now is, a citizen and resident of said State of Iowa, and that by the laws thereof, the cause of action upon said contract is wholly barred. Wherefore, by reason

of lapse of time, an action upon said contract could not be maintained in said State of Iowa, but all causes of action thereon became and were wholly barred. And this the defendant is ready to verify, wherefore he prays judgment," etc.

The plaintiff demurred. The court overruled the demurrer and final judgment was rendered for the defendant, from which this writ of error is prosecuted.

Several other decisions of the court below on demurrers are assigned as error, but we will only consider this one, as one good answer to an action is enough. Leiter v. Day, 35 Ill. App. 248.

The plaintiff insists that as the promise was to pay, as in the Gray case, 122 Ill. 630, " as the directors from time to time may order," and as the assessment was the same in this as in that case, therefore, the telegraph company being an Illinois corporation, the whole obligation of the defendant is measured, and the remedy governed, by the laws of the State. Now in our view, the cause of action arose upon the subscription. The order of the directors, had they made one, would have been, and the assessment which the court did make is, like the lapse of time where a note is payable ninety days after date, only the happening of the contingency upon which the promise is to be kept. In the case of the supposed note the cause of action arises upon the note, and here upon the subscription.

The statute is : " When a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State." Sec. 20, Chap. 84.

The rule laid down in McAllister v. Smith, 17 Ill. 328, that bills made in Illinois, payable on their face in New York, were governed by the law of New York, was repudiated in Adams v. Robertson, 37 Ill. 45, and it was held that the consequences of making those bills should have been determined by the law of this State.

Our statute does not require that the law of the State

where the cause of action has arisen shall be just laws, but simply laws. Such laws may be, not statutory, but rules laid down by the highest court of the State, and when the rights of parties are governed by them, we must follow the law of the State, whether like our own or not. Chi. & N. W. Ry. v. Tuite, 44 Ill. App. 535.

A cause of action arises against a party where he is. Hyman v. Bayne, 73 Ill. 256. If the bar is complete there, it is here, whether we approve the law there or not.

On demurrer we do not look outside of the plea, though as a matter of legal study we may know that in a case like this the Supreme Court of Iowa holds that the plaintiff can not recover. Great Western Tel. Co. v. Purdy, 83 Iowa 430. Affirmed.