# WILLIAM R. LOOMIS *et al.*

*v.*

# RICHARD P. BARKER.

1. EXECUTION—*property held by agent for sale not liable for agent's debt.* Where personal property is in the hands of a party merely as a general agent of the owner, with authority from the owner to sell the same, and who is required to account for the proceeds when sold, this will not invest the agent with any title to the property, so as to make it liable to be seized on execution or attachment against the agent.

2. PARTNERSHIP—*liability of firm for tort of one partner.* The rule is, that partners are liable *in solido* for the torts of one, if the tort is committed by him as a partner, and in the course of the partnership business.

3. SAME—*liability of firm in trover for conversion by one partner.* It is not necessary there should be a joint conversion in fact in order to implicate all the partners, as such a conversion may arise by construction of law. An assent by some of the partners to a conversion by the others will make them wrong-doers equally with the rest, provided the conversion was for their use and benefit, and that they were in a situation to have originally commanded the conversion.

4. Where one partner placed a claim in the hands of a constable for collection, and under which property of a stranger to the process was seized and sold under attachment or execution, and the other partner was present at the sale, and bid on the property, and treated and spoke of the property as having been taken and sold on the process issued upon a claim due the firm, and he received the proceeds of the sale as a payment on such claim, it was *held,* in an action of trover by the owner against the partners, that they were both liable for the conversion.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of trover, by Richard P. Barker against William R. Loomis, Chauncey Lewis, and Charles F. Bogue, for the conversion of a span of horses. Bogue not being found, the suit was dismissed as to him. There was a verdict and judgment in favor of the plaintiff for $311.15. The leading facts are stated in the opinion.

Mr. I. N. STILES, for the appellants.

. Mr. GEO. W. THOMPSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We are unable to discover any error in this record for which this judgment should be reversed.

The proof is sufficiently clear that the horses belonged to appellee, and that, at the time they were taken, they were merely in the possession of Cook as a general agent, who was authorized to sell them for appellee, and required to account to him for the proceeds of their sale. This did not invest Cook with any title to the horses so as to render them liable to be seized on execution or attachment against him, and sold for the payment of his debts.

Although it does not appear that Lewis was actually present when the horses were levied upon or sold, yet it does appear that he placed the claim upon which this was done in the hands of the constable, Bogue, and that his partner and co-defendant, Loomis, treated and spoke of the property as having been taken and sold on an attachment issued upon this claim ; that he was present and a bidder at the sale, and that he received the proceeds of the sale from Bogue, as a payment upon this claim.

The rule is, that partners are liable *in solido* for the torts of one, if that tort were committed by him as a partner, and in the course of the business of the partnership. Parsons on Partnership, 150. "So," it is said, "in an action of trover, it is not necessary that there should be a joint conversion in fact, in order to implicate all the partners, for such a conversion may arise by construction of law. Thus, an assent by some of the partners to a conversion by the others will make them wrong-doers equally with the rest, provided the conversion was for their use and benefit, and that they were in a situation to have originally commanded the conversion." Gow

on Partnership, 175. See also *Bane et al.* v. *Detrick et al.* 52 Ill. 20.

We think the verdict was, under the evidence, in conformity with the law, and the judgment of the court below is therefore affirmed.

*Judgment affirmed.*