ALLING & Another *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

Argued April 1, 1885.—Decided May 4, 1885.

A claim against the United States for moneys awarded by the mixed commission under the Convention of July 4, 1868, with Mexico, and paid by Mexico to the United States in accordance with the award, is a claim growing out of a treaty, and is excluded from the jurisdiction of the Court of Claims by Rev. Stat. § 1066.

*Great Western Insurance Co.* v. *United States*, 112 U. S. 193, affirmed.

The Act of June 18, 1878, 20 Stat. 144, confers upon the Secretary of State exclusive jurisdiction over the distribution of the moneys received from Mexico in payment of the awards made by the Mixed Commission under the Convention of July 14, 1868, with Mexico.

*Frelinghuysen* v. *Key*, 110 U. S. 63, affirmed.

The facts which make the case are stated in the opinion of the court.

*Mr. Charles W. Hornor*, and *Mr. W. L. McGary* for appellants.

*Mr. Assistant Attorney-General Maury* for appellee, submitted on his brief.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from the Court of Claims.

Belden & Co., having a claim for seizure and confiscation of goods by the Mexicans during or shortly after the Mexican war, preferred their claim to the United States for presentation to the Mexican government. The goods having been im-

ported into Matamoras while that city was in the possession of the American forces, on which Belden & Co. had paid duties to the amount of $18,347, the United States refunded this sum to Belden & Co. and took an assignment *pro tanto* of their claim against Mexico.

By the convention or treaty of July 4, 1868, between Mexico and the United States, 15 Stat. 679, a commission was organized for the adjustment of the claims of the citizens of the respective countries against the government of the other for injuries to persons and property.

To this commission Belden & Co.'s claim was submitted by the United States, and its award was that the Mexican Government should pay to the United States, on account of this claim, the sum of $53,099.25, of which the United States might retain out of this gross award the sum of $35,920.81, on account of the tax which it had refunded to Belden & Co. and its interest.

An act of Congress provided that the distribution of the money received by the United States under all the awards made by this commission should be made under the order of the Secretary of State.

Claimants in this case having received the sum specifically awarded to them, appealed to the Secretary for the whole or a part of the sum for customs duties, which was awarded to the United States under the assignment of Belden & Co. This was refused, and this suit is brought to enforce the claim.

It is clearly a claim founded on and growing out of a treaty with a foreign nation, within the provisions of Rev. Stat. § 1066. It is in all respects like the case of the *Great Western Insurance Co.* v. *United States*, 112 U. S. 193, which holds that the Court of Claims had no jurisdiction by reason of that section.

That was a case of a claim submitted to the United States for reclamation against Great Britain. A treaty between the two powers provided, as in the present case, for an arbitration, under which the claim was allowed and paid to the United States. On appeal from the Court of Claims we decided that it was, within the meaning of Rev. Stat. § 1066 "a claim

*growing out of and dependent* on a treaty stipulation entered into with a foreign government " of which that court could not entertain jurisdiction.

The present case is stronger than that, because the act of Congress of June 18, 1878, 20 Stat. 144, confers on the Secretary of State the authority to distribute these awards among the several claimants. *Frelinghuysen* v. *Key*, 110 U. S. 63. Not only is the Court of Claims forbidden to entertain jurisdiction of this claim, but the Secretary of State is by law authorized and directed to do all that can be done for claimants, without further legislation.

It is apparent from the record that the Court of Claims entertained jurisdiction of the case and decided against the claimants on the merits. As that court had no such authority, its judgment must be

*Reversed, with direction to dismiss the petition for want of jurisdiction.*