**William F. Kraft and John W. Kraft, Appellants, v. George D. Greenough, Appellee.**

### Gen. No. 5,654.

1. FRAUD—*evidence.* Defendant is not shown to have been a party to a conspiracy to defraud, concerning the value and location of land, where he took no part in the making of the contract involved, and made no statements concerning the location and quality of the land, and was not present when anything was said or done after the fraudulent contract was signed and the price paid, though he was informed that the plaintiff had "signed up"

and took the money from his partner, and sent a draft therefor to the person who held the title, and later urged the plaintiff not to repudiate the contract because of alleged insufficiency of title "or we will make you trouble."

2. PARTNERSHIP—*liability for copartner's fraud.* An innocent partner is liable for fraud of his copartner, committed in the course of partnership business, though he has no knowledge thereof.

3. PARTNERSHIP—*when liable for partner's fraud.* Where partners are real estate brokers, fraud practiced on a purchaser by one partner, as to the location and quality of land, is practiced in the transaction of partnership business, and the copartner is liable though innocent of fraud and deceit.

4. WITNESSES—*who not competent as to conversations of deceased partner.* Under R. S. c. 51, § 4, on an action against a surviving partner for fraud and deceit of his copartner, the plaintiffs are not competent witnesses as to conversations of the deceased, when the surviving partner was absent.

Action in case for conspiracy to defraud. Appeal from the Circuit Court of Whitside county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

WILLIAM H. ALLEN and McMAHON & ROGERS, for appellants.

CARL E. SHELDON and A. A. WOLFERSPERGER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellants sued appellee in an action on the case charging a conspiracy between Carl C. Young of Kansas City, Missouri, J. W. Rush of Tulia, Texas, and Frank Galt and appellee of Sterling, Illinois, the two latter being partners as real estate brokers under the firm name of Greenough and Galt; and charging that these conspirators cheated and defrauded appellants in a certain Texas land deal, in which appellants paid Greenough and Galt $590 and because of which land deal appellants spent large sums in defending themselves in an action of *assump-*

*sit* brought against them by Young to enforce provisions of the contract between themselves and Young, growing out of said deal. The declaration was very long. It set out in detail the conspiracy, deceit and fraud. Appellee filed the general issue, and there was a jury trial. Appellants attempted to prove the deceit and fraud by conversations with Galt and by proof that the statements he made were false. Galt had died before this suit was begun. Evidence of his statements was admitted over the objection of appellee, but at the close of all the evidence the court excluded all statements by Galt not made in the presence of appellee, and directed a verdict for appellee. A motion for a new trial was denied and appellee had judgment and plaintiffs below appeal.

For the purpose of this decision it will be necessary to state but briefly the proof tending to show fraud and deceit. Appellants were farmers. Galt went with William Kraft on a trip to the Panhandle of Texas, to see land there for the sale of which Greenough and Galt were agents at Sterling. They stopped at Kansas City and saw Young; and McNeil, a man in the employ of Young, went with William and Galt to the Panhandle where they examined various tracts of land, and William concluded that he and his brother would buy a certain tract of 303 acres near Tulia and near a railroad. They returned to Kansas City and there obtained from Young a written option to purchase said land at a certain price within ten days, and then returned to Illinois. The next day Galt visited the Krafts and told them he had a better thing for them; that he wanted them to purchase a certain tract of 743 acres, and he produced a contract therefor and asked them to sign it. It is evident that, without the knowledge of Kraft, Galt got this contract from Young when they stopped at Kansas City on their way back from Texas. The price named was $15 per acre. Galt assured them that this was an exceptional bargain; that the land could be sold the following spring

for $20.00 per acre; that the soil was the same as that which they had seen; that the land was about the same distance from Tulia and in the same direction therefrom as the land they had previously selected, and about the same distance from a railroad, and he told them certain apparent falsehoods as to how there came to be that particular number of acres in the tract. Appellants signed the contract. Soon thereafter they went to the office of Greenough and Galt and signed a duplicate of the contract, and paid $500 thereon and obtained the receipt of Greenough and Galt therefor. Shortly after that Galt sent for them to come to the office of Greenough and Galt because of an alleged mistake in the papers. They executed new papers. It turned out that this land was much further from Tulia than Galt represented and in an opposite direction; that it was extremely poor land and was far from a railroad; that it was land that had not been originally described by the block number by which they bought it, but that it was made up of lands taken from other blocks because they overran; that it was partly in one county and partly in another, and that in one of the counties there was nothing of record to show that there was any such land in existence; and that for these and for other reasons it was worth not over one-half what they agreed to pay. Appellants had required Galt to write upon the original contract a guaranty as to the character of the soil. The new contract was made in triplicate, but Galt wrote this guaranty only on the copy given to appellants and deceived them into believing it was on all the copies. Afterwards they refused to take the land. Young sued them under the contract and was defeated. Galt was dead and Young and Rush were not within the state, and appellants therefore sued appellee only. For the purposes of this decision it will be considered that Galt was guilty of deceit and fraud and that Young and Rush may have been parties thereto. The facts tending to show that Young and Rush were parties to the fraud are omitted.

Appellants contend that the proof shows that appellee was a party to the fraud. The proof is clear that appellee took no part in the making of the contract and made no statements concerning the quality or location of the land and was not present when anything was said or done after the second contract was signed, the $500 paid and the receipt of Greenough. and Galt given therefor. After the contract had been signed and the money had been paid, appellee came into the office and Galt told him, in the presence of the Krafts, that the latter had "signed up" for the big piece of land, and appellee said he was glad to hear it and that he hoped that it would make them money. Thereafter, on that day, Galt handed the $500 to appellee and asked him to go and get a draft for that amount, and appellee did so and it was sent to Rush, who held the title which Young was to obtain to answer his contract. At a later date, appellants saw both appellee and Galt in their office and told them that they were not going to take the land because they did not think the title good, and appellee urged them not to lose their money and told them to go ahead and close the deal "or we will make you trouble." When Young, who was a nonresident, sued appellants, Galt and appellee signed the necessary bond for costs; and afterwards appellee told appellants that the suit was brought without his knowledge, and they then told him that he had signed the bond for costs; and he made no reply. Afterwards and after Galt's death John Kraft told Greenough that he guessed they would have to hold him for the money they paid out on this contract and Greenough replied that he did not see how they could look to him for the money for he did not get any of it, but Rush got it, and John replied that they held the receipt of Greenough and Galt for the money and did not deal with Rush. Appellee then asked them not to do anything till he could see the attorney who was settling Galt's estate, and later he told appellants that he had seen said attorney, and he said to let them go ahead. At the time Galt made these representa-

tions to the Krafts he and appellee were partners. They never received anything out of this transaction, but, if there had been a profit in it, appellee expected to have a share thereof. We are unable to find in this evidence enough so that the jury could reasonably find that appellee was a party to a conspiracy to defraud appellants, as charged in the declaration, or that he was personally guilty of any deceit. His statement that if they did not carry out the contract Greenough and Galt would make them trouble might reasonably be understood to mean merely that they would enforce the contract, and there is nothing to show that he then knew that any deception had been practiced upon them as to the character of the land. According to their own testimony, what appellants were then complaining of was not the character or location of the land, but that they feared the title was not good. As Young was a nonresident and was required to give security for costs in beginning a suit against appellants, it was natural that he should call upon Greenough and Galt, his agents, to furnish that security. We are unable to see that the proof convicts appellee of the charges of fraud and deceit made against him in the declaration.

It is, however, the law that an innocent partner is liable for a fraud committed by his copartner in the course of the partnership business, though such innocent partner has no knowledge thereof. Wolf v. Mills, 56 Ill. 360; Loomis v. Barker, 69 Ill. 360; Schwabacker v. Riddle, 84 Ill. 517; Durant v. Rogers, 87 Ill. 508; Tenney v. Foote, 95 Ill. 99; Castle v. Bullard, 23 How. (U. S.) 172; Stockwell v. U. S., 13 Wall. 531; Alling v. U. S., 114 U. S. 562; Lothrop v. Adams, 133 Mass. 471; Page v. Citizens Banking Co., 111 Ga. 73, and 51 L. R. A. 463, and an extensive note thereto; 1 Bates on Partnership sec. 472. This deceit and fraud by Galt was in the transaction of the partnership business, and, if proven by competent testimony, would create a liability against appellee, although he was

innocent of the fraud and deceit. All of the incriminating statements and conversations by Galt were proven only by the testimony of the two appellants. Under section 4 of chapter 51 of the Revised Statutes, relating to Evidence and Depositions, they were not competent witnesses against the surviving partner to testify to any such conversation by the deceased partner, where the surviving partner was not present. Appellants answer this by saying that they are not suing appellee as a surviving partner. The answer to this must be that if they do not depend upon the partnership relation, they have no sufficient evidence to show that appellee was guilty of any fraud and deceit, or was a party to any conspiracy, and therefore the declarations of his alleged coconspirator Galt were not competent against appellee. If they seek to hold appellee by virtue of the partnership relation, then under the statute their testimony as to statements by Galt in the absence of appellee was not competent to bind appellee. The court therefore properly excluded their testimony as to statements made when appellee was not present, and with that evidence excluded the court properly directed a verdict for appellee.

The judgment is therefore affirmed.

*Affirmed.*